UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-6007-Cr-MORENO
MAGISTRATE JUDGE P.A. WHITE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRITZ LAFONTANTE,

    Defendant.

_____/

**REPORT OF**
**MAGISTRATE JUDGE**

## I. Introduction and Background

Briefly, the Defendant, Fritz Lafontante, filed a motion to reduce his sentence, pursuant to 18 U.S.C. §3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines. (Cr-DE#s1328; 1363). After receipt of supplements thereto, and the government's response, the district court denied the motion on July 9, 2015. (Cr-DE#s1346,1363:3).

Pursuant to Fed.R.App.P. 4(b)(1)(A), the Defendant had until July 23, 2015 within which to timely file a notice of appeal therefrom. Instead, the Defendant executed a motion for reconsideration on July 20, 2015 (Cr-DE#1351:6), and handed it to prison officials for mailing on or about July 22, 2015.[1] (Cr-DE#1351:14). Therefore, the filing of that motion extended the time for filing a notice of appeal. See United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1993)(*per curiam*); (see also Cr-DE#1363:5). The motion for reconsideration was denied by written

_____

[1]The Defendant has provided the complete certified mail receipt utililized to mail the package, and review of the U.S. Postal Service, certified on-line mail tracker reveals that the package was accepted for mailing by the postal service on July 22, 2015. See https://tools.usps.com/go/.

order entered on the docket on August 12, 2015.[2] (Cr-DE#s1352,1363). Consequently, the Defendant had until **Wednesday, August 26, 2015**, when the 14-day period for filing a timely notice of appeal expired. See United States v. Vicaria, 963 F.2d at 1414; (see also Cr-DE#1363:6).

Four days later, on **August 30, 2015**, the Defendant signed his motion for certificate of appealability, construed as a notice of appeal, which he then handed to prison authorities for mailing and mailed a day later, on **August 31, 2015**.[3] (Cr-DE#1353:6). Defendant argued therein that the trial court's denial of his Rule 3582 motion was error and his constitutional rights were violated because his sentence was predicated on speculative drug-quantity findings. (Cr-DE#1363:2). On **September 14, 2015,** the district court denied the Defendant's motion for certificate of appealability. (Cr-DE#s1356,1363:6).

On **September 27, 2016**, the Eleventh Circuit Court of Appeals vacated the district court's order, and remanded to the district court to consider whether the untimeliness of Defendant's notice of appeal, following the denial of his Rule 3582 motion, resulted from excusable neglect or good cause, pursuant to Fed.R.App.P. 4(b)(4). (Cr-DE#1363:6). The Eleventh Circuit did so on the finding that it was unclear from the district court's order whether it treated the petitioner's notice as a request for an extension of time to perfect an untimely appeal. (Cr-DE#1363:6).

---

[2]The Eleventh Circuit used August 11, 2015, the date the district court signed the order as the date of entry, however, the order was entered on the docket a day later, on August 12, 2015. For purposes of this Report, the court has utilized the later date.

[3]Petitioner has not addressed this court's show cause order to explain when and under what method he provided his notice to prison authorities for mailing, but rather gives excuses to circumvent the untimeliness of the filing. Regardless, the notice was not timely either when he signed it, or when he handed it to prison authorities for mailing a day later.

This matter has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B). In that regard, a show cause order was entering directing the Defendant to file a memorandum showing excusable neglect or good cause to circumvent the untimely filing of his appeal following the denial of his Rule 3582 motion. (Cr-DE#1365). The movant filed his memorandum (Cr-DE#1366), and the government has filed its reply thereto. (Cr-DE#1367).

## II. Legal Standards

It is well settled that the time to file a notice of appeal is "a mandatory prerequisite to the exercise of appellate jurisdiction." See Green v. United States, 249 Fed.Appx. 107, 109 (11th Cir. 2007)(quoting United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001)).

In a criminal case, in order for a Defendant's notice of appeal to be timely, it must be filed no later than fourteen days after the challenged order is entered. See Fed.R.App.P. 4(b)(1)(A). Unlike the civil appeal rules, however, the deadline in Rule 4(b) is not jurisdictional because it is not grounded in a federal statute. United States v. Lopez, 562 F.3d 1309, 1311-13 (11th Cir. 2009).

Moreover, a notice of appeal filed by a *pro se* prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing or places it in the prison mail system. See Fed.R.App.P. 4(c); Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir.), cert. den'd, ___ U.S. ____, 129 S.Ct. 2747, 174 L.Ed.2d 249 (2009). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which must set forth the date of deposit and

state that first-class postage has been prepaid." Fed.R.App.P. 4(c)(1). Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleading to prison officials on "the day [he] signed it." See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

However, a district court is authorized, in accordance with Fed.R.App.P. 4(b)(4), to extend the time for filing a notice of appeal up to thirty (30) days "[u]pon a finding of excusable neglect or good cause." As this court has explained, "the phrase 'excusable neglect' may include, when appropriate, late filings caused by inadvertence, mistake, or carelessness under certain circumstances." Locke v. SunTrust Bank, Inc., 484 F.3d 1343, 1346 (11th Cir. 2007) (quoting Advanced Estimating Sys., 77 F.3d at 1324).

To determine whether the Defendant is entitled to an extension of time, based on excusable neglect or good cause, the Supreme Court instructs lower courts to consider the following four factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. See Advanced Estimating Sys., 77 F.3d at 1325 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). The Supreme Court further instructs courts to accord "primary importance" to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 996) (finding the nonmovant was not prejudiced by the movant's six-day delay); Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201 (11th Cir. 1999); United States v. Divito, 415 Fed.Appx. 151, 152 (11th Cir. 2011).

### III. **Discussion**

In the court's show cause order, the Defendant was specifically instructed to explain whether he was entitled to excusable neglect or good cause to excuse the untimely filing of the notice of appeal; and, to file any exhibits he deems relevant to the issue of timeliness, including redacted prison mail logs and inmate account statements. (Cr-DE#1365:2). Defendant filed his memorandum, but provided no objective evidence thereof. (Cr-DE#1366).

In discussing the applicable <u>Pioneer</u> factors, the government in its response to the Defendant's memorandum, the government concedes that as to the first and second factors, United States "has suffered no prejudice" as a result of the late filing and the length of the delay has had "little or no impact on judicial proceedings" since the Eleventh Circuit issued a notice on September 10, 2015 that the appeal had, in fact, been docketed. (Cr-DE#1367:3).

Regarding, the third factor, the Defendant attempts to establish good cause and/or excusable neglect claiming he speaks limited English and needed the assistance of another individual to perfect his pleadings since he is a Haitian, who is ignorant and/or otherwise unaccustomed to rules and laws of the United States.[4] (Cr-DE#1366:1). It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. <u>See, e.g.,</u> <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5 Cir. 1991)(holding

---

[4]Of course, a *pro se* litigant is generally held to a more liberal standard of pleading under the Federal Rules. <u>Jones v. United States</u>, 54 F.Supp. 1322, 1323 (S.D. Fla. 1999), <u>citing</u>, <u>Sanders v. United States</u>, 113 F.3d 184, 187 (11th Cir. 1997); <u>Fernandez v. United States</u>, 941 F.2d 1488, 1491 (11th Cir. 1991).

equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights). See also United States v. Flores, 981 F.2d 231, 236 (5 Cir. 1993)(neither an inmate's pro se status, illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause). See also Steed v. Head, 219 F.3d 1298, 1300 (11 Cir. 2000)(holding that attorney negligence does not justify equitable tolling).

He also suggests he was confused about the nature of the proceedings, and needs a person "trained in the law" in order to assist Defendant in protecting and defending his rights. (Id.). He explains he confused the requirement for the filing of a certificate of appealability required for denials of §2255 motions with the requirement of filing a simple notice of appeal following the denial of his criminal motion. (Id.). He maintains it was "quite reasonable" for him to believe that his certificate of appealability had been granted, despite the lack of objective evidence in the record to support his mistaken belief. (Id.). He also posits that he "may have had medical issues that interfered with the time frame for filing his mistaken motion." (Id.). However, he provides no medical records or reports, and his own representations in that regard it at best, speculative.

Finally, Defendant attempts to lay blame for his untimely filing on the Bureau of Prison, arguing that the prison has failed to install computers it ordered over three years ago and that their failure to do so is preventing inmates from preparing precise, well written pleadings, and from otherwise communicating with family members. (Id.:2). This too does not demonstrate good cause or

warrant a finding of excusable neglect. As he did with his other filings, the Defendant did not need to avail himself of a computer in order to perfect his appeal. He could well have filed, on a timely basis, the handwritten notice with this court, thereby perfecting and protecting his appellate rights. He did not do so here.

Moreover, it is also worth mentioning at this juncture that §3582(c)(2) "'does not grant to the court jurisdiction to consider extraneous resentencing issues' such as independent constitutional challenges; those challenges are appropriate for collateral attack under 28 U.S.C. §2255.'" See United States v. Juarez, 648 Fed.Appx. 857, 860 (11th Cir. Apr. 20, 2016)(quoting United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000)(explaining that in §3582(c)(2) proceedings, "all original sentencing determinations remain unchanged with the sole exception of" the amended guideline, which the district court substitutes to recalculate the guidelines' range before deciding whether to exercise its discretion to either impose a new sentence or retain the old sentence.)). Additionally, a defendant bringing a §3582(c)(2) motion has no statutory or constitutional right to the appointment of counsel. See United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009).

As argued correctly by the government, none of the foregoing reasons provided by the Defendant, either individually or cumulatively, warrant a finding of excusable neglect or good cause. In fact, the record reveals that the Defendant was able to previously file his motion for reconsideration of the denial of his Rule 3582 motion in a timely manner. His notice of appeal, however, was not timely filed. After careful examination of the record in light of the Defendant's arguments regarding the reasons for his pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" to excuse the untimely filing of the appeal, the record reveals that the Defendant has not demonstrated

any persuasive reason for the delay in filing his notice of appeal.

Although the government, as the nonmoving party, concedes no prejudice has been suffered as a result of the Defendant's failure to timely file his notice of appeal, the court finds that the Defendant has failed to establish good cause or excusable neglect to warrant the grant of an extension of time to file a notice of appeal. Moreover, since the Defendant has not demonstrated good cause or excusable neglect, in the interest of efficient judicial economy, the motion for extension of time to file an appeal should be DENIED.

**IV.  Conclusion**

Based upon the foregoing, it is recommended that the Defendant's motion for certificate of appealability, construed by the appellate court as a motion for extension of time to file a notice of appeal (Cr-DE#1353), be DISMISSED as untimely.

Objections to this report may be filed with the respective District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Fritz Lafontante, Pro Se
     Reg. No. 50069-004
     F.C.I. - Oakdale
     Inmate Mail/Parcels
     Post Office Box 5000
     Oakdale, LA 71463

     Aurora Fagan, AUSA
     United States Attorney's Office
     99 NE 4 Street

```
Miami, FL 33132
Email: aurora.fagan@usdoj.gov
```