United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) ) Criminal Case No. 97-06007-CR- Scola |
| Fritz Lafontante, Defendant. | ) ) ) |

**Order Denying Motions for Compassionate Release
and Appointment of Counsel**

This matter is before the Court upon Defendant Fritz Lafontante's motions for appointment of counsel (ECF No. 1522) and compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1523). For the reasons set forth below, the Court **denies** the Defendant's motions (**ECF Nos. 1522** and **1523**).

### 1. Background

The Defendant was convicted after trial for his role as the leader of a conspiracy involving the importation and sale of over 750 kilograms of cocaine. For his offenses, the Defendant was found guilty of conspiring to import cocaine, in violation of 21 U.S.C. § 963 (Count 1); conspiring to possess with intent to distribute cocaine, in violation 28 U.S.C. § 846 (Count 2); and conspiring to launder drug proceeds, in violation of 18 U.S.C. § 1956 (Count 5). During his trial, the Defendant fled the United States to Haiti and was a fugitive for nearly a decade. After the Defendant was ultimately returned to this country, he was charged with a second indictment and pled guilty for failing to appear for trial, in violation of 18 U.S.C. § 3146. While the Defendants' guideline range for his initial offenses was life imprisonment, he was ultimately sentenced to 240 months' imprisonment for his drug related crimes. For fleeing his trial, the Defendant was sentenced to 60 months' imprisonment, which would run consecutively, for a total of 300 months' imprisonment. The Defendant has been incarcerated since October 22, 2009, serving about 15 years and six months—or about 62%—of his 300-month sentence.

The Defendant now seeks compassionate release "due to his advanced dementia, functional and cognitive impairment[,] deteriorating physical and mental health, and aggressive Prostate Cancer and diminished capacity to care

for himself with[in] a correctional facility." (ECF No. 1523 at 1.) The Defendant also seeks appointment of counsel to assist in his filing of a motion for compassionate release. (ECF No. 1522.)

## 2. Legal Standard

Under "18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . 18 U.S.C. § 3582(c)(1)(A) (2018); see generally First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194." (CRDE 560). In order to grant the Defendant's request pursuant to § 3582(c)(1)(A), the Court must consider the following factors: (1) whether the Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that the Defendant is not a danger to the community. Further, the Defendant bears the burden of establishing that compassionate release is warranted under the circumstances. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

## 3. Analysis

## A. Exhaustion of Administrative Remedies

The government concedes that the Defendant has exhausted his administrative remedies. (Gov't's Reply, ECF No. 1528, at 7.) Because it has been more than thirty days since the Defendant requested his compassionate release from the warden and the warden has not responded, the Court finds that the Defendant has exhausted his administrative remedies.

### B. Medical Circumstances

Pursuant to U.S.S.G. § 1B1.13(b)(1)(B), medical circumstances amount to extraordinary and compelling reasons for a sentence reduction where the prisoner is "experiencing deteriorating physical and mental health because of the aging process, that substantially diminish[es] his ability to provide self-care within the environment of a correctional facility."

Although the Defendant has several medical conditions, none are life-threatening. His medical records establish that he is being adequately treated and monitored. Moreover, despite the Defendant saying in his motion that he has advanced dementia, his medical records do not show that he has said condition. (Sealed Medical Records, ECF No. 1530-1). Nor is there any evidence that he has a substantially diminished ability to provide self-care.

Therefore, the Defendant has not established the presence of extraordinary and compelling circumstances warranting his release.

### C. 18 U.S.C. § 3553(a) Factors

Even if the Defendant were to establish extraordinary and compelling circumstances that might warrant his release, the 18 U.S.C. § 3553(a) factors weigh against granting the Defendant's motion. The Court must consider these factors when evaluating a motion for relief under 18 U.S.C. § 3582(c)(1)(A). These factors include the need for the sentence to reflect the seriousness of the offense, provide adequate deterrence, promote respect for the law, and—as most relevant here—protect the public from further crimes from the defendant.

The Defendant's underlying conduct, both in the completion of his underlying crimes and at trial—demonstrates that he would be a continued danger to the community. The Defendant was a leader of a significant cocaine conspiracy and fled the country during trial. He was a fugitive for over ten years. In the event that the Defendant's motion were granted, he would be deported to Haiti, which is in a state of upheaval and internal instability, weak and corrupt law enforcement, and extensive gang activity. The Court thus has a real and significant concern that the Defendant's deportation to Haiti would result in new opportunities for the Defendant to commit similar crimes. Therefore, the Defendant would be a danger to the community if released from prison. *Hamilton*, 715 F.3d at 337. Additionally, given the state of affairs in Haiti, the Defendant will likely receive better medical in prison than in Haiti.

The 18 U.S.C. § 3553(a) factors also weigh against granting the Defendant compassionate release.

### D. Appointment of Counsel

The Defendant also filed a motion for appointment of counsel to file a legally sufficient motion for compassionate release. (ECF No. 1522.) "[T]here is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings." *United States v. Park*, 2023 WL 6382402, at *2 (11th Cir. Oct. 2, 2023) (citation omitted). "In the civil context, [the Eleventh Circuit has] concluded that the appointment of counsel may be appropriate when the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (cleaned up). "[T]he key is whether the *pro se* litigant needs help in presenting the merits of his position to the court." *Id.* (citation omitted).

The Court finds that there is nothing complex here about filing a motion for compassionate release which warrants appointment of counsel. The Defendant's motion is straightforward and "lack[s] sufficiently complex factual or legal issues that would warrant the appointment of counsel." *Id.* Therefore, the Defendant's motion for appointment of counsel is also denied.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Defendant's motions for appointment of counsel and compassionate release (**ECF Nos. 1522** and **1523**).

**Done and ordered** in Miami, Florida, on December 23, 2024.

Robert N. Scola, Jr.
United States District Judge